HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN WILLIAM NEGLEY,

Plaintiff,

v.

PIERCE COUNTY PLANNING AND PUBLIC WORKS, et al.,

Defendants.

CASE NO. 25-5577-BHS

ORDER

THIS MATTER is before the Court on its review of pro se plaintiff John Negley's proposed amended complaint, Dkt. 6. The Court ordered Negley to file an amended complaint because his original complaint, Dkt. 4, was wholly conclusory and did not state a plausible claim. Dkt. 5. The Court's order explained that in order to proceed in forma pauperis, a plaintiff must allege facts sufficient to allow the court to reasonably infer that defendant is liable for the alleged wrongdoing. Dkt. 5 at 1–2:

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance

in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

In order to state a plausible claim, a plaintiff must allege facts that allow *the court* to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Negley alleges only that the Pierce County Sheriff's Department "is harassing/threatening me now with takeover of my personal property." Dkt. 4 at 6. This is wholly conclusory and is not sufficient to state a plausible claim.

Negley's amended complaint is not materially different than his initial pleading. It again asserts that he has been "relentlessly harassed by defendant," and that the facts underlying his claim are "harassment, threats and intimidation." Dkt. 6 at 6.

Negley has failed to articulate the “who what when where why and how” of a plausible, viable claim against any defendant. It is insufficient to simply state that the defendant is harassing the plaintiff.

This matter is DISMISSED without prejudice and without leave to amend.

The Clerk shall close the case.

IT IS SO ORDERED.

Dated this 29th day of September, 2025.

BENJAMIN H. SETTLE
United States District Judge